IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:23-cr-86-HEH |
| ) | |
| JERMAINE PERRIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

THIS MATTER is before the Court on Defendant Jermaine Perrin's ("Defendant") Motion to Dismiss the Indictment (the "Motion," ECF No. 15), filed on March 25, 2024. The Indictment (ECF No. 1) charges Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss the Indictment on the ground that § 922(g)(1) is unconstitutional facially and as applied to him under the U.S. Supreme Court's firearm analysis articulated in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CRIM. R. 47(J). For the reasons that follow, the Court will deny Defendant's Motion.

**I. BACKGROUND**

Defendant is a convicted felon, with underlying convictions including assault on a police officer and distribution of cocaine. (Pretrial Services Report at 4–5, ECF No. 11;

*see also* Resp. in Opp'n at 29, ECF No. 16 (stating that Defendant's underlying felony "offenses involv[e] assaults, and drug distribution").) On November 13, 2023, a grand jury indicted Defendant in a one-count Indictment, charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Indictment at 1.) Defendant was arraigned on March 4, 2024, and entered a plea of not guilty. (Minute Entry at 1, ECF No. 12.) He requested trial by jury which is set to begin on June 10, 2024. (Mem. Order at 2, ECF No. 18.)

Defendant now moves to dismiss the Indictment as violating his Second Amendment right to keep and bear arms. (Mot. at 1.) He asserts that § 922(g)(1) is unconstitutional under the *Bruen* firearm analysis. (*Id.* at 1–2.) The Government filed its Response in Opposition to the Motion on April 8, 2024.

## II. LEGAL STANDARD

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant brings both a facial and an as-applied challenge to the constitutionality of § 922(g)(1) pursuant to Federal Rule of Criminal Procedure 12 which permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1).

2

## III. DISCUSSION

Defendant asserts that this Court must dismiss the Indictment because § 922(g)(1) is unconstitutional under the *Bruen* analysis. (Mot. at 2–20.) However, the Government argues that the Court is bound by the Fourth Circuit's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), which upheld § 922(g)(1) as "presumptively lawful." (Resp. in Opp'n at 3–7, 24–27.) Defendant argues that *Heller*, *Moore*, and *Pruess* do not survive *Bruen* and that this Court must engage in the *Bruen* analysis. (Mot. at 2–20; Reply at 2–10, ECF No. 19.) Defendant asserts that § 922(g)(1) is unconstitutional under both prongs of *Bruen*. (Mot. at 7–20.)

Regarding Defendant's facial challenge, this Court has already considered and denied the arguments that Defendant presents. *See United States v. Perry*, No. 3:23-cr-106–HEH, 2023 WL 8809918 (E.D. Va. Dec. 20, 2023). The Motion at hand presents no new arguments that would cause the Court to deviate from its prior analysis. Accordingly, the Court adopts its prior reasoning articulated in *Perry*. *Id.* at *2–6. Defendant's facial challenge will be denied.

Defendant's as-applied challenge to § 922(g)(1) also fails. First, although Defendant frames his argument as an as-applied challenge, he does not provide argument as to why § 922(g)(1) is unconstitutional as applied to the particulars of his case. Defendant states that § 922(g)(1) is unconstitutional as applied to him because he "is a lifelong citizen of the United States" and that the Indictment does not "specify[] a

3

particular prior felony conviction from [Defendant's] past." (Mot. at 19.) Thus, Defendant merely challenges the constitutionality of § 922(g)(1) generally under the *Bruen* analysis, and the Court will treat his Motion as a facial challenge to § 922(g)(1). *See United States v. Williams*, No. 3:22-cr-158–HEH, 2023 WL 6368971, at *2 n.1 (E.D. Va. Sept. 28, 2023); *United States v. Riley*, 635 F. Supp. 3d 411, 419 n.4 (E.D. Va. 2022).

To the extent that Defendant raises an as-applied challenge, this Court has held that *Moore* and *Pruess* remain binding precedent. *Perry*, 2023 WL 8809918, at *6. Like in *Pruess*, Defendant, due to his prior felony convictions, "cannot rebut the presumption of lawfulness of the felon-in-possession prohibition as applied to him." 703 F.3d at 246. Thus, Defendant's as-applied challenge will be denied.

## IV. CONCLUSION

Bound by the presumptive lawfulness of longstanding prohibitions on the possession of firearms by felons under *Heller*, and the Fourth Circuit's reasoning in *Moore* and *Pruess*, the Court will deny Defendant's Motion to Dismiss the Indictment. An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: April 29, 2024
Richmond, Virginia

4